[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 99-1304

THOMAS V. DUFIELD,

Plaintiff, Appellant,

v.

COMMISSIONER, NH DEPARTMENT OF CORRECTIONS, ET AL.,

Defendants, Appellees.

No. 99-2244

MARC ADAMS; DARREN F. STARR;
CHARLES W. DRENAS, JR.,

Plaintiffs, Appellants,

v.

PAUL E. BRODEUR, COMMISSIONER,
NH DEPARTMENT OF CORRECTIONS, ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,

and Boudin, Circuit Judge.

---

Thomas V. Dufield on brief pro se.
Darren Starr, Marc Adams and Charles Drenas on brief pro se.
Philip T. McLaughlin, Attorney General, and Nancy J. Smith, Senior Assistant Attorney General, on brief for appellees.

---

November 1, 2000

---

**Per Curiam**. In appeal no. 99-2244, appellants Marc Adams, Charles Drenas and Darren Starr appeal from the district court's grant of summary judgment in appellees' favor. In their action under 42 U.S.C. § 1983, appellants complained that, pursuant to a policy limiting bulk mail, appellees were denying them bulk rate catalogs which they had ordered and which were addressed to them without providing notice thereof. They claimed that this violated their First and Fourteenth Amendment rights. In appeal no. 99-1304, appellant Thomas Dufield objects to the district court's denial of his motion to join the appellants' civil rights action.

After careful review of the parties' briefs and the record, we affirm the grant of summary judgment in appellees' favor on the First Amendment claim in appeal no. 99-2244, essentially for the reasons given by the district judge in his Order dated September 30, 1999. Although the district court apparently believed (erroneously, as we read the record) that appellants were given notice when bulk rate catalogs were rejected, we nonetheless conclude that no

-2-

abridgment of appellants' due process rights occurred. Appellants' claim founders because they have not shown that they have a liberty interest grounded in the First Amendment.[1] Even if appellants have a First Amendment right to receive catalogs which they have ordered and which are sent to them (a matter that we do not decide), appellees have not infringed that right. They permit appellants to receive all catalogs that are sent by first-class mail. For legitimate penological reasons, they reject only catalogs which are sent by bulk rate mail. As the Supreme Court has said, the loss of "cost advantages" achieved by a particular method of mailing "does not fundamentally implicate <u>free speech</u> values." <u>See</u> <u>Jones</u> v. <u>North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 130-31 (1977) (emphasis in original).

Our affirmance of the judgment in appeal no. 99-2244 essentially moots appellant Dufield's claims.

---

[1]Because appellants cite <u>Procunier</u> v. <u>Martinez</u>, 416 U.S. 396 (1974), <u>overruled in part on other grounds by</u> <u>Thornburgh</u> v. <u>Abbott</u>, 490 U.S. 401 (1989), and other First Amendment cases in support of their due process claim, we infer that they are asserting a due process claim based on the liberty component of the Due Process Clause. <u>See</u> <u>id.</u> at 418 (indicating that an inmate's interest in uncensored communication, "grounded as it is in the First Amendment, is plainly a 'liberty interest[.]'"). To cinch matters, appellants have not assigned error to the district court's rulings denying their claims for deprivation of property without due process.

Moreover, the record discloses no abuse of discretion by the district court in denying his motion to intervene. Accordingly, we affirm the judgment in appeal no. 99-1304.

The district court judgments underlying the above appeals are affirmed.